UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHIHULY, INC., et al., Plaintiffs, v. ROBERT KAINDL, et al., Defendants. | Case No. C05-1801-JPD ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

INTRODUCTION AND SUMMARY CONCLUSION

Mr. Dale Chihuly is an artist who has achieved recognition for his work in the medium of blown glass. Plaintiffs Chihuly, Inc. and Portland Press, Inc. are alleged to be corporations that represent the work of Mr. Chihuly and produce fine blown-glass artwork designed by Mr. Chihuly, glass sculptures, and books and DVDs about Mr. Chihuly and glassmaking. Plaintiffs Chihuly, Inc. and Portland Press, Inc. (collectively "plaintiffs") allege that glass sculptures made by defendant Bryan Rubino and distributed by defendants Robert Kaindl, Art Glass Productions, Lakeshore Gallery, Ltd., Kenneth Behm Galeries, Ltd., Trammell-Gagne, LLC, and Unik! LLC infringe their copyrights, trademarks, and trade dress. Plaintiffs also claim that defendants' sale of such works violates the Washington Consumer Protection Act ("CPA"), and that defendants have engaged in a civil conspiracy to mislead consumers as to the origin of their works. Finally, plaintiffs assert breach of contract claims against defendant Rubino and intentional interference with contractual relationships against

defendant Kaindl.

This matter is before the Court upon a motion by defendants Kaindl, Rubino, and Art Glass Productions to dismiss plaintiffs' complaint and for the award of attorneys' fees. Dkt. No. 17. The Court heard oral argument on this matter on January 5, 2006. Dkt. No. 43.

Having carefully reviewed the parties' papers, the Court DENIES defendants' motion to dismiss as to plaintiffs' copyright, false designation of origin, breach of contract, intentional interference with contract, and the civil conspiracy claims. The motion to dismiss is GRANTED as to plaintiffs' trademark dilution claim, because none of the named plaintiffs owns the trademark in question. Plaintiffs, however, are granted leave to file an amended complaint within the time frame specified in the Court's scheduling order, Dkt. No. 44, to address this issue if they choose to pursue the dilution claim. As to the CPA claim, the Court agrees with the parties that, to the extent the CPA claim is premised on actions that are governed by the Copyright Act, the claim is preempted by the Copyright Act and any such claim is dismissed. To the extent that the claim is premised on conduct other than that related to or governed by the Copyright Act, the CPA claim will remain.

MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of an action for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A court faced with such a motion must accept all facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Karam v. City of Burbank,* 352 F.3d 1188, 1192 (9th Cir. 2003) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). Generally, the Court will not dismiss a complaint unless a defendant shows that the plaintiff can demonstrate "no set of facts in support of [its] claim which would entitle [it] to relief." *Id.*

Rule 12(b)(6) must be read in conjunction with Rule 8(a). 2 James W. Moore, *Moore's Federal Practice* § 12.34[1][b] (3d ed. 2005). Rule 8(a) requires only that a complaint provide "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a). The complaint must therefore "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). This simplified pleading standard applies to all civil actions, with limited exceptions for cases involving, for example, fraud and mistake. *Id.* at 512-13 (discussing Federal Rule of Civil Procedure 9).

## ANALYSIS

### A. The Court Has Subject Matter Jurisdiction Over Plaintiffs' Copyright Claims.

17 U.S.C. § 411(a) provides that "no action for [copyright] infringement . . . shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Therefore, the Court "does not have subject matter jurisdiction over an infringement claim until the Copyright Office grants the registration application and issues a certificate of registration." *See, e.g., Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1111-13 (W.D. Wash. 2004) (collecting cases). Here, plaintiffs have alleged infringement of approximately forty registered copyrights. Dkt. No. 1 at ¶¶ 116-17, Attachments A-F. The Court has subject matter jurisdiction.

### B. Defendants' Motion to Dismiss is Denied as To Plaintiffs' Claims for Copyright Infringement.

In their motion, the defendants have argued that the complaint fails to specifically identify which of plaintiffs' many works are at issue. This raises two issues. First, as indicated in the complaint, many of the plaintiffs' works have not been registered. As a result, the defendants argue, there can be no assurance that the Court has subject matter jurisdiction. Second, the failure to identify specific works at issue necessitates an expensive process of winnowing the works at issue, and, it is argued, is indicative of a failure to engage in the necessary pre-litigation investigation required by Fed. R. Civ. P. 11.

No heightened pleading standard applies to complaints for copyright infringement.

*See Swierkiewicz*, 534 U.S. at 513. Rather, "complaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient under the rules." *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001) (internal citations omitted); *see also Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003) (indicating that claims for copyright infringement must allege ownership of a copyright and that defendant copied its protected elements). Plaintiffs are not required to attach copies of the allegedly infringed and infringing works. 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 12.09[B], 12-169-170 (2005).

The plaintiffs have adequately stated a claim for copyright infringement. The complaint alleges that "[p]laintiffs own valid copyrights" for approximately forty glass sculptures and that "[w]ithout authorization, [d]efendants have willfully copied, sold and distributed [p]laintiffs' copyrighted work." Dkt. No. 1 at ¶¶ 116-17. It further states that the sculptures sold by defendants under the name "Lestat" and on defendant Kaindl's web site are among the infringing works. *Id.* at ¶¶ 118-19. Plaintiffs have attached copies of approximately forty certificates of registration to the complaint. *Id.* at Attachments A-F. These allegations are sufficient to "give the defendant fair notice of what the plaintiff[s'] claim is and the grounds upon which it rests" and thus adequately state a claim for copyright infringement.

The specificity sought by defendants is not necessary, or even completely possible, at this stage of the litigation. Rather, discovery and summary judgment may be used to "define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 513 (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168-69 (1993)). Even if the plaintiffs thought they could identify all of the works at issue at the time of drafting the complaint, any such list at the complaint stage would likely be amended by adding or subtracting works once the plaintiffs became fully aware of the

library of defendants' works.

Nevertheless, the Court is sensitive to delay, notice issues, and the desire to avoid unnecessary cost to the parties in prosecuting a case potentially involving many copyrights. At the hearing on the motion, the Court directed the parties to cooperate so that the plaintiffs would be in a position to identify the universe of plaintiffs' copyrighted works at issue in this litigation and notify defendants of that universe by February 13, 2006.[1]

C. Defendants' Motion to Dismiss Is Granted as To Plaintiffs' Allegations of Trademark Dilution, But Denied As to Plaintiffs' Other Trademark Claims.

Plaintiffs' complaint also alleges that defendants have violated 15 U.S.C. §§ 1125(a) and 1125(c) of the Lanham Act by using false designations of origin, misrepresenting the nature, characteristics and qualities of their work, and diluting the "CHIHULY" trademark. Dkt. No. 1 at ¶¶ 127-33. Defendants argue that plaintiffs' Lanham Act claims should be dismissed because none of the named plaintiffs owns the trademark at issue. Dkt. No 17 at 10. Defendants also argue plaintiffs' trade dress claims are too vague for them to be on notice as to which of their works actually infringe upon plaintiffs' rights.

Section 43(a) of the Lanham Act provides a cause of action for trademark infringement to "any person who believes that he or she is or is likely to be damaged" by a defendants' false designation of origin or use of false or misleading descriptions. 15 U.S.C. § 1125(a)(1). Ownership is not a prerequisite for standing in a § 43(a) claim. 4 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 27:21 (2005). Rather "to

---

[1] This will require cooperation by the parties. At the hearing, the Court suggested that within a very short period of time defendants start by providing plaintiffs with access to glass sculptures remaining in defendants' possession for inspection and photographing, as well as photographs of those works previously sold by the defendants. This will enable the plaintiffs to designate the works at issue, and help to streamline the litigation and avoid unnecessary expense. The Court notes that the parties are represented by able intellectual property attorneys, and so it will rely upon counsel to determine the best way to achieve this result. However it is accomplished, absent good cause, the plaintiffs will inform the defendants of the works at issue in this litigation not later than February 13, 2006.

have standing, a non-owner must have some cognizable interest in the allegedly infringed trademark." *Id.*

Although the complaint asserts that the plaintiffs own the "CHIHULY" mark, *Id.* at ¶ 28, the defendants submitted evidence establishing that the mark is owned by Mr. Dale Chihuly, who is not a party to this action.[2] Dkt. No. 18, Ex. D. Nevertheless, the complaint does indicate plaintiffs have a "cognizable interest" in the mark. Plaintiff Chihuly, Inc. is Mr. Chihuly's glass-blowing studio, which produces the glass sculptures he designs. Dkt. No. 1 at ¶¶ 23-26. Similarly, plaintiff Portland Press, Inc., at the direction of Mr. Chihuly, reproduces certain limited edition glass pieces from various sculpture series designed by Mr. Chihuly. *Id.* at ¶¶ 30-31. It also produces books, videos, DVDs, and other print products about Mr. Chihuly and his work. *Id.* at ¶ 29. Though less than artfully pleaded, at the motion to dismiss stage, when construing the complaint in a light most favorable to plaintiffs, it is reasonable to conclude that the complaint alleges that the plaintiffs have a sufficient interest in the "CHIHULY" mark to advance a Section 43(a) claim.

The complaint also satisfies the requirement of placing defendants on notice of the nature of the Section 43(a) claims against them. The complaint alleges that defendants' marketing and sales activities "have used false designations of origin, false or misleading descriptions of fact, and false or misleading misrepresentations of fact" that are likely to lead consumers to believe their glass sculptures are plaintiffs'. Dkt. No. 1 at ¶¶ 127-28. Among other things, plaintiffs allege that defendant Kaindl has used plaintiffs' "name and registered trademark, as well as images of [p]laintiffs' copyrighted work" to sell infringing works

---

[2] The trademark certificate, which is prima facie evidence of the ownership of the mark at issue, 15 U.S.C. § 1057(b), was not attached to the complaint. However, because the Complaint identifies U.S. Trademark No. 2,418,821 as owned by one of the plaintiffs, Dkt. No. 1 at ¶ 28, the Court can consider the trademark certificate on a motion to dismiss. *See In Re: Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (internal citations omitted) (noting that the Court may consider documents referenced in a complaint whose authenticity is not in question).

produced by Rubino through his Art Glass Productions web site. *Id.* at ¶¶ 93-108.

Of more concern are the trade dress allegations in the complaint. The complaint asserts that some "CHIHULY" glass sculptures are made in various series reflecting a common theme, such as "Navajo Blanket Cylinders," "Basket Series," "Seaform Series," "Macchia Series," and "Persian Series." Dkt. No. 1 ¶¶ 33-57. Each of these series has, according to the complaint, its own "aesthetic." *Id.* at ¶ 25. The complaint further asserts that the plaintiffs' "trade dress is protectable under the Lanham Act because it is inherently distinctive and has achieved secondary meaning in the market." Dkt. 1 at ¶ 130.

The defendants argue that this pleading fails to identify what constitutes the protectable trade dress and also fails to describe how it is distinctive and non-functional. Dkt. No. 17 at 11-16. As a result, they argue, this places them at a disadvantage in knowing what is actually at issue and what they will have to defend against. However, as established in *Swierkiewicz* , there is no heightened pleading requirement in trade dress cases. Moreover, interrogatories or other discovery directed to the plaintiffs requiring identification of all claimed elements of protectable trade dress and then dealing with these issues and the issues of distinctiveness and non-functionality on a more complete record is a more efficient and less expensive way to proceed than to require a more definite identification of trade dress in the complaint itself.

Plaintiffs' final trademark claim is for dilution of the "CHIHULY" mark. Plaintiffs allege that the mark is famous and that the actions of defendants are diluting the mark. Dkt. No. 1 at ¶ 129. Remedies for trademark dilution under the Lanham Act are available only to the "owner of a famous mark." 15 U.S.C. § 1125(c)(1); *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672, 676 (9th Cir. 2005) (discussing the ownership requirement of 15 U.S.C. § 1125(c) in connection with trademark infringement suit brought by trademark owner). Thus, plaintiffs' dilution claim under 15 U.S.C. § 1125(c) must be dismissed. Plaintiffs, however, are granted leave to file an amended complaint to deal with the defects of

the presently asserted dilution claim, but must do so within the time set forth in the Court's scheduling order. Dkt. No. 44.

D. <u>Plaintiffs' Washington Consumer Protection Act Claims are Preempted To the Extent They Arise Out of Their Copyright Infringement Claims</u>.

Section 301(a) of the Copyright Act provides that

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a) (1998). The Ninth Circuit has held that the Copyright Act preempts state law claims when plaintiffs assert (1) state law rights equivalent to those protected by the Copyright Act and (2) that the work falls within the subject matter of the Copyright Act described in 17 U.S.C. §§ 102-03. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998).

Paragraph 135 of the complaint states that defendants are "creating and/or selling unauthorized replications" of plaintiffs' works. Because the Copyright Act provides exclusive rights to reproduce the copyrighted works, plaintiffs' CPA claims are effectively asserting state law rights equivalent to those protected by the Copyright Act. Thus, the first prong of the *Kodadek* test is satisfied. Additionally, the copyrighted glass sculptures at issue in this case fall within the subject matter of Sections 102 and 103 of the Copyright Act. Thus, plaintiffs' CPA claims are preempted to the extent they stem from their copyright claims.

E. <u>Defendants' Motion to Dismiss Is Denied As to Plaintiffs' Breach of Contract Claim</u>.

Defendants argue that plaintiffs have failed to allege facts that state a claim for breach of contract. Dkt. No. 17 at 17-20. To state a claim for a breach of contract under Washington law, a complaint need only allege (1) the existence of a contract, (2) breach thereof, and (3) damages resulting from the breach. *Hofto v. Blumer*, 74 Wash. 2d 321, 326, 444 P.2d 657, 660 (Wash. 1968). The complaint meets this standard by alleging that defendant Rubino

breached a variety of agreements he had with plaintiffs by producing and selling allegedly infringing sculptures. Dkt. No. 1 at ¶¶ 143-46. Although defendants have attached copies of two agreements and urged the Court to interpret them, the Court declines to do so at the motion to dismiss stage of this litigation. Dkt. No. 19. Based upon the complaint and testimony at the hearing, it is possible that additional agreements may be at issue and that external evidence may be required to interpret them.

F. Defendants' Motion to Dismiss is Denied as To Plaintiffs' Civil Conspiracy and Intentional Interference With Contract Claims.

Finally, defendants argue that plaintiffs' CPA claim, civil conspiracy claim, and claims for injunctive and declaratory relief should be dismissed because they are based on "the same inadequate factual allegations [as] . . . their copyright and trademark claims[.]" Dkt. No. 17 at 16. As discussed above, however, the copyright and trademark allegations in plaintiffs' complaint are largely sufficient for purposes of the present motion to dismiss. The motion is therefore denied as to these claims.

CONCLUSION

The issues addressed above are before the Court as the subject of a motion to dismiss. As such, the Court has accepted all facts alleged in the complaint as true and construed them in a light most favorable to the plaintiff. *Karam,* 352 F.3d at 1192. A motion to dismiss is not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46. The Court is unable to conclude that plaintiffs could prove no set of facts that would entitle them to relief as to most claims in the complaint. Therefore, the Court DENIES defendants' motion as to all claims, except for the trademark dilution claim, and that portion of the CPA claim which is otherwise governed by the Copyright Act.

DATED this 11th day of January, 2006.

James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge