IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHIHULY, INC., a Washington corporation and PORTLAND PRESS, INC., a Washington corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT KAINDL, an individual; BRYAN RUBINO, individually and on behalf of his marital community; ART GLASS PRODUCTION, a Washington company; et al.,<br><br>Defendants.<br>_____<br>ROBERT KAINDL, an individual; and ART GLASS PRODUCTION, a Washington company,<br><br>Counter-claimants,<br><br>v.<br><br>CHIHULY, INC., a Washington corporation, PORTLAND PRESS, INC., a Washington corporation, and DALE CHIHULY, an individual<br><br>Counter-Defendants.<br>_____ | No. C05-1801-JPD<br><br>ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL AND ART GLASS PRODUCTION<br><br>JURY TRIAL DEMANDED |

Defendants Robert Kaindl and Art Glass Production (collectively Defendants) hereby answer the Complaint of Plaintiffs (hereinafter collectively "Plaintiffs").

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)...................1

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1.      Defendants admit that Plaintiffs have filed an eight-count complaint against them.  Defendants deny the remaining allegations in paragraph 1 of the Complaint.  Defendants note that the Court has dismissed Plaintiffs' trademark dilution claim and portions of Plaintiffs' Consumer Protection Act claim.

2.      Defendants admit, on information and belief, that Defendant Bryan Rubino ("Rubino") was once an employee of Plaintiff Chihuly, Inc. ("CI") and later was an independent contractor for CI.  Defendants deny the remaining allegations in paragraph 2 of the Complaint.

3.      To the extent that an Answer is required, Defendants deny the allegations in paragraph 3 of the Complaint.

4.      Defendants admit that CI is a Washington corporation with its principal place of business in King County, Washington, and that CI represents the artwork of artist Dale Chihuly.  Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5.      Defendants admit that Portland Press, Inc. ("PPI") is a Washington corporation that publishes books and videos about Dale Chihuly.  Defendants also admit that PPI distributes and sells certain blown glass sculptures as "Studio Editions."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint, and therefore deny the same.

6.      Defendants admit that Robert Kaindl ("Kaindl") resides in Redmond, King County, Washington.  Defendants admit that Kaindl owns and operates Web sites at <www.artglassproduction.com> and <www.artglassproductions.com>, and sites that hyperlink to the <www.artglassproductions.com> site, such as http://www.artcrystal.org.  Defendants admit that Kaindl also owns/operates other Web sites, but denies the number alleged by Plaintiffs in the Complaint.

7.      Defendants admit that Defendant Art Glass Production is a sole proprietorship owned by Robert Kaindl, that its UBI number is 600569166, and that the Washington Department of Revenue previously listed Art Glass Production's business address as 14208

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)...................2

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

21st Street SE, Mill Creek, Washington 98012. Defendants admit that this address is Kaindl's mother's address. The current contact address for Art Glass Production is P.O. Box 98, Kirkland, Washington 98083, which is listed on Kaindl's Web site <www.artglassproduction.com>.

8. Defendants admit, on information and belief, that Rubino is a married individual residing in Thurston County, Washington. Defendants further admit, on information and belief, that Rubino was either an employee or an independent contractor of CI until 1999 and any relationship between Rubino and Plaintiffs from 1999 to 2004 was that of an independent contractor. Defendants further admit, on information and belief, that Rubino produces original blown glass sculptures for Rubino Glass, Inc., which maintains a studio at 52 West Fredson Road, Shelton, Washington, 98584. Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9. Defendants admit on information and belief that Defendant Lakeshore Gallery ("Lakeshore") has a principal place of business at 107 Park Lane, Kirkland, Washington 98033 and that Lakeshore sold through consignment Kaindl's glass artwork. Defendants do not have the information sufficient to either admit or deny the remaining allegations in paragraph 9 of the Complaint, and therefore deny the same.

10. Defendants admit on information and belief that Defendant Kenneth Behm Galleries Ltd. ("Behm Gallery") had galleries in Bellevue Square and Southcenter Mall and that Behm Gallery sold through consignment Kaindl's glass artwork. Defendants deny that any "unauthorized copies" were sold under the name Kaindl. Defendants do not have the information sufficient to either admit or deny the remaining allegations in paragraph 10 of the Complaint, and therefore deny the same.

11. Defendants admit on information and belief that Defendant Trammell-Gagne, LLC ("Trammell-Gagne") has a principal place of business at 5701 Sixth Avenue South, Suite 105, Seattle, Washington 98108 and sold through consignment Kaindl's glass artwork. Defendants deny that any "unauthorized copies" were sold under the name Kaindl.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)...................3

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Defendants do not have the information sufficient to either admit or deny the remaining allegations in paragraph 11 of the Complaint, and therefore deny the same.

12.     Defendants admit on information and belief that Defendant UNIK! LLC ("UNIK!") operated a gallery at Pacific Place Mall, 600 Pine Street, Seattle, Washington 98101 until it lost its lease at the end of December 2005. Defendants also admit that UNIK! consigned Kaindl's glass artwork. Defendants deny that any "unauthorized copies" were sold under the name Kaindl. Defendants either deny or do not have the information sufficient to either admit or deny the remaining allegations in paragraph 12 of the Complaint.

13.     Defendants admit that this Court has jurisdiction over the asserted claims to the extent that Plaintiffs had issued copyright registrations on the date the Complaint was filed.

14.     Defendants admit that venue is proper in this Court to the extent the Court has subject matter jurisdiction.

15.     Defendants admit, on information and belief, that Dale Chihuly attended the University of Wisconsin at Madison. Defendants admit that the Studio Glass movement is a method of blowing glass. Defendants admit that the Studio Glass movement was not founded by Dale Chihuly, and that Dale Chihuly was not the first person to employ intimate small studies with closely-knit glassblowing teams. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 of the Complaint and therefore deny them.

16.     Defendants admit, on information and belief, that Dale Chihuly has an M.F.A. degree from the Rhode Island School of Design and apprenticed in Murano, Italy, where Dale Chihuly observed others employing the concept of team glassmaking from master glass blowers creating unconventional and innovative shapes and designs with a material that can be flexible in conception. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint and therefore deny them.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)...................4

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1

17.    Defendants admit, on information and belief, that Dale Chihuly returned to the United States and co-founded the Pilchuck Glass School.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Complaint and therefore deny them.

18.    Defendants deny that Dale Chihuly was "a pioneer in the shift from symmetrical shapes to more off-centered and asymmetrical forms."  Defendants admit that glass blowing has been an art form for millennia.  Defendants admit that symmetrical and asymmetrical methods of glass blowing are employed.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 of the Complaint and therefore deny them.

19.    Defendants admit, on information and belief, that Dale Chihuly has sustained injuries and that because of them, he has not blown glass for many years.  Defendants admit, on information and belief, that Dale Chihuly sometimes makes abstract paintings to communicate to his glassblowing team his broad idea or ideas for a particular project or work.  Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and therefore deny them.

20.    Defendants admit that a team of glass blowers sometimes endeavors to create one of Dale Chihuly's abstract paintings into a blown glass project using the previously known Studio Glass method of glass making.  Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint and therefore deny them.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and therefore deny them.

22.    Defendants admit that CI's conventional glass-blowing teams revisit earlier shapes when creating blown forms.  Defendants deny the remaining allegations in paragraph 22 of the Complaint.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)...................5

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

23.     Defendants admit, on information and belief, that CI was founded through investment by Dale Chihuly and that CI hired a team of employees to create glass artwork. Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint and therefore deny them.

24.     Defendants admit that Dale Chihuly and CI did not originate the Studio Glass movement. Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint and therefore deny them.

25.     Defendants admit that no two blown glass sculptures are identical and that glass sculptures are "one of a kind." Defendants deny the remaining allegations in paragraph 25 of the Complaint.

26.     Defendants are without information sufficient to admit or deny the allegations in paragraph 26 of the Complaint, and therefore deny them.

27.     Defendants admit that each individual sculpture is unique. Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint, and therefore deny them.

28.     Defendants admit that Dale Chihuly is listed as the owner of U.S. Trademark Registration No. 2,418,821 for the CHIHULY Design mark, registered on January 9, 2001 in connection with "sculptures made primarily of glass" in International Class 21. Defendants admit that Chihuly owns three other trademark registrations for goods other than blown glass sculptures. Defendants deny the remaining allegations in paragraph 28 of the Complaint.

29.     Defendants admit that PPI produces books and videos about Dale Chihuly and glass blowing. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint and therefore deny them.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)....................6

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

30. Defendants admit that PPI sells certain edition blown glass sculptures that are called "Studio Editions," which are reproduced. Because they are hand-blown, Defendants admit that each piece will vary in color, size, and shape. Defendants admit that these so called "Studio Editions" are sold on PPI's Web site at <www.portlandpress.net>. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 30 of the Complaint and therefore deny them.

31. Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore deny them.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint and therefore deny them.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint and therefore deny them.

34. Defendants admit that PPI is listed as the owner on a certificate of copyright registration for a work entitled "Red Blanket Cylinder" [VA 1-216-414]. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint and therefore deny them.

35. Defendants admit that blown glass is a process that naturally responds to gravity which results in sculptures that will appear collapsed or slumped. Defendants admit that woven forms will sag under their own weight, frailty and age. Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint and therefore deny them.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore deny them.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore deny them.

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

38.     Defendants admit that PPI is listed as the owner on certificates of copyright registrations for works entitled "Cobalt Blue Basket with Cadmium Red Lip Wrap" [VA 1-100-915]; "Coral Basket with Golden Wrap" [VA 1-216-411]; "Mango Basket with Teal Lip Wrap" [VA 1-069-922]; "Paris Blue Basket Set" [VA 1-216-408]; "Citron Basket" [VA 1-216-425]; "Bonfire Baskets" [VA 1-216-423]; and "Blue Sky Basket Set" [VA 1-251-199]. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint and therefore deny them.

39.     Defendants admit that CI is listed as the owner on a certificate of copyright registration for the "Pearlized Purple Basket with Yellow Lip Wrap" [VAu635-050].

40.     Defendants are without knowledge or information sufficient to form a belief as to whether the certificates attached are true and correct copies and therefore deny paragraph 40 of the Complaint.

41.     Defendants admit, on information and belief that CI has taken inspiration from organisms that live in the seas for the CI team's Seaform series, and that these sculptures employ the shapes and colors of marine creatures and objects.  Defendants deny the remaining allegations in paragraph 41 of the Complaint.

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and therefore deny them.

43.     Defendants admit that PPI is listed as the owner on certificates of copyright registrations for "Chinese Red Seaform Pair with Ebony Lip Wraps" [VA 1-061-543]; "Teal Blue Seaform with Amber Body Wrap" [VA 1-216-410]; "Larkspur Seaform Pair with Gold Lip Wraps" [VA 1-216-413]; and "Tiger Lily Seaform Pair" [VA 1-216-418].  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint and therefore deny them.

44.     Defendants admit that CI is listed as the owner on a certificate of copyright registration for "Dark Cherry Seaform Set with Brilliant Yellow Lip Wraps" [VAu635-051].

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)...................8

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

45.     Defendants are without knowledge or information sufficient to form a belief as to whether the certificates attached are true and correct copies and therefore deny paragraph 45 of the Complaint.

46.     Defendants admit that CI has created works that are called Macchias, which are generally identified by their multi-colored spots.  Defendants admit that Macchias means "spotted," "stained" or "marked" in Italian.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 46 of the Complaint and therefore deny them.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and therefore deny them.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore deny them.

49.     Defendants admit that PPI is listed as the owner on certificates of copyright registrations for "Cinnamon Macchia" [VA 1-216-416]; "Ruby Macchia" [VA 1-216-409]; "Ocean Macchia" [VA 1-216-417]; "Moroccan Macchia Pair" [VA 1-216-422]; "Carnival Macchia" [VA 1-251-200]; "Starlight Seaform Macchia" [VA 1-251-201]; "Seagreen Macchia Pair" [VA 1-315-479]; and "Sunset Macchia" [VA 1-315-474].  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 49 of the Complaint and therefore deny them.

50.     Defendants admit that CI is listed as the owner on certificates of copyright registrations for "Cadmium Yellow and Crimson Macchia" [VAu635-055]; "Lime Balm Green Macchia with Orange Lip Wrap" [VAu635-054]; "Bright Green Macchia with Yellow Lip Wrap" [VAu635-056]; "Dandelion Macchia with Deep Green Lip Wrap" [VAu 635-057]; "Old Rose Macchia with Lemon Lip Wrap" [VAu635-053]; "Royal Yellow Pheasant Macchia Set with Lapis Lip Wraps" [VAu635-052]; "Mardi Gras Pheasant Macchia Set with Blue and Red Lip Wraps" [VAu635-049]; and "Old Rose Pheasant Macchia Pair with Turquoise and Green Lip Wraps" [VAu635-048].  Defendants are without knowledge or information

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)...................9

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

sufficient to form a belief as to the truth of the remaining allegations in paragraph 50 of the Complaint and therefore deny them.

51.     Defendants are without knowledge or information sufficient to form a belief as to whether the certificates attached are true and correct copies and therefore deny paragraph 51 of the Complaint.

52.     Defendants admit that the CI has a series called Persians featuring spiraling body wraps and herringbone effects in a single color.  Defendants admit that some Middle Eastern vessels employed jewel-like colors and sensual curving.  Defendants deny the remaining allegations in paragraph 52 of the Complaint.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint and therefore deny them.

54.     Defendants admit that PPI is listed as the owner on certificates of copyright registrations for works entitled "Buttercup Yellow Persian with Red Lip Wrap" [VA 1-061-542]; "Imperial Iris Persian with Chartreuse Lip Wraps" [VA 1-216-412]; "Parrot Green Persian Set" [VA 1-216-420]; "Radiant Persian Pair" [VA 1-216-421]; "Paradise Persian" [VA 1-216-426]; "Tango Red Persian" [VA 1-251-198]; and "Amethyst Persian" [VA 1-315-481].  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of the Complaint and therefore deny them.

55.     Defendants admit that CI is listed as owner on certificates of copyright registrations for works entitled "Aubusson Red Persian Set with Flint Lip Wrap" [VAu635-059]; "Plum Persian Set with Saffron Yellow Lip Wraps" [VAu635-062]; and "Meltwater Persian with Hunting Coat Red Lip Wrap" [VAu635-058].  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 of the Complaint and therefore deny them.

56.     Defendants are without knowledge or information sufficient to form a belief as to whether the certificates attached are true and correct copies and therefore deny paragraph 56 of the Complaint.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................. 10

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

57.     Defendants admit that CI's has glass works for wall installations that CI refers generally to "Persian Wall Installations."  Defendants admit that a glass peg in some of the glass works has a function in that it facilitates installation of the glass works.  Defendants deny the remaining allegations in paragraph 57 of the Complaint.

58.     Defendants admit that CI is listed as owner on certificates of copyright registrations for works entitled "BlueJay Persian Wall Installation" [VAu635-060], and "Autumn Persian Wall Installation" [VAu635-061].  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 58 of the Complaint and therefore deny them.

59.     Defendants are without knowledge or information sufficient to form a belief as to whether the certificates attached are true and correct copies and therefore deny paragraph 59 of the Complaint.

60.     Defendants admit that CI has works that CI identifies as its Venetian Series, and on information and belief, that these works are derivatives of Italian Art Deco glass. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of the Complaint and therefore deny them.

61.     Defendants admit that CI has works that CI identifies as its Ikebana series having blown glass flowers and stems in glass bases and that these works are derivatives of Japanese Ikebana flower arrangements.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 61 of the Complaint and therefore deny them.

62.     Defendants admit that CI has works that CI identifies as its Nijiima Float Series that are large spherical pieces that are derivatives of Japanese glass floats used in fishing. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 62 of the Complaint and therefore deny them.

63.     Defendants admit that CI has works that CI identifies as its Chandelier Series featuring numerous blown pieces arranged on a hanging armature.  Defendants admit that

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD) ................. 11

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

CI's glass chandeliers are installed at the Seattle Art Museum and Benaroya Hall. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 63 of the Complaint and therefore deny them.

64.     Defendants admit that CI has architectural installations, such as the five installations at Tacoma's Union Station Federal Courthouse. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 of the Complaint and therefore deny them.

65.     Defendants admit, on information and belief, that representatives of CI traveled to Nuutajarvi, Finland, the Waterford Crystal factory in Ireland, and to Monterey, Mexico. Defendants also admit that chandeliers were installed in various sites in Venice, Italy. Defendants also admit that the armature has a function in that it facilitates suspending the sculptures. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 of the Complaint and therefore deny them.

66.     Defendants admit that CI installed an architectural installation in the Bellagio Hotel in Las Vegas, Nevada. Defendants further admit that http://www.chihuly.com/installations/bellagio/ displays the Bellagio installation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 66 of the Complaint and therefore deny them.

67.     Defendants admit that CI installed an architectural installation in the Atlantis Hotel. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 of the Complaint and therefore deny them.

68.     Defendants admit that CI installed a very large installation that was exhibited at the Tower of David Museum in Jerusalem. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 of the Complaint and therefore deny them.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................. 12

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint and therefore deny them.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Complaint and therefore deny them.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Complaint and therefore deny them.

73.     Defendants admit that CI is listed as the owner on certificates of copyright registrations for a work entitled "Mille Fiori" [VA 1-273-559].  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 73 of the Complaint and therefore deny them.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Complaint and therefore deny them.

75.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint and therefore deny them.

76.     Defendants admit, on information and belief, that Rubino was employed by CI beginning in 1988.  Defendants deny the remaining allegations in paragraph 76 of the Complaint.

77.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint and therefore deny them.

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint and therefore deny them.

79.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Complaint and therefore deny them.

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint and therefore deny them.

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Complaint and therefore deny them.

82.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Complaint and therefore deny them.

83.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint and therefore deny them.

84.     Defendants deny the allegations in paragraph 84 of the Complaint.

85.     Defendants deny the allegations in paragraph 85 of the Complaint.

86.     Defendants deny the allegations in paragraph 86 of the Complaint.

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants admit that Defendant Kaindl has websites promoting Defendants' blown glass sculptures and other businesses. Defendants deny the remaining allegations in paragraph 88 of the Complaint.

89.     Defendants admit that Defendant Kaindl has posted an article regarding a drive he made at the Coyoto Lake Golf Course in Arizona. Defendants deny Plaintiffs' implication in paragraph 89 that this article is inaccurate. Defendants deny or lack sufficient information to admit or deny the remaining allegations in paragraph 89 of the Complaint, and therefore deny them. Defendants further object to the allegations set forth in paragraph 89 of the Complaint as scandalous and entirely irrelevant to any claims raised in the Complaint.

90.     Defendants admit that Defendant Kaindl has claimed on websites to have been "extremely fortunate to train and work with some of the world's most well-known glass artists." Defendants deny Plaintiffs' implication in paragraph 90 that this claim is untrue. Defendants deny the remaining allegations in paragraph 90 of the Complaint.

91.     Defendants deny that Defendant Kaindl has little if any competence as a glass blower. Defendants deny that Defendant Kaindl has had no formal training as a glassblower and no actual experience as a glassblower. Defendants either deny or are without knowledge

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................. 14

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91 of the Complaint and therefore deny them.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Complaint.

94.     Defendants deny the allegations in paragraph 94 of the Complaint.

95.     Defendants admit on information and belief that Plaintiffs hired investigators to visit the Kenneth Behm Gallery in Bellevue and, on information and belief, that the investigators spoke to Mr. Kaindl.  Defendants deny the remaining allegations in paragraph 95 of the Complaint.

96.     Defendants admit the allegations of paragraph 96 of the Complaint.

97.     Defendants deny the allegations in paragraph 97 of the Complaint.

98.     Defendants admit that Defendant Kaindl owns, operates and maintains a website displayed at the URL http://www.artglassproductions.com.  Defendant Kaindl denies the remaining allegations in paragraph 98 of the Complaint.

99.     Defendants deny the allegations in paragraph 99 of the Complaint.

100.    Defendants admit that some of their websites offer contemporary art glass under generic names including baskets, cylinders, floats, ikebanas, sea forms, sea shapes and venetians.  Defendants specifically deny that any of these generic terms are used as or constitute valid trade names (or trademarks) owned by the Plaintiffs.  Defendants deny the remaining allegations in paragraph 100 of the Complaint.

101.    Defendants admit that some of their websites contain the passage recited in paragraph 101 of the Complaint.  Defendants further object to the allegations set forth in paragraph 101 of the Complaint as entirely irrelevant to any claims raised in the Complaint.

102.    Defendants admit that some of their websites have text similar to that listed in the Complaint in paragraph 102.  Defendants deny the remaining allegations of paragraph 102 of the Complaint.

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

103.    Defendants admit that they do not represent hundreds of galleries throughout the world.  Defendants deny the remaining allegations of paragraph 103 of the Complaint.

104.    Defendants admits that some of their websites include the recited text. Defendants deny that any of their websites have a page entitled "Chihuly Glass."   Defendants deny any remaining allegations of paragraph 104 of the Complaint.

105.    Defendants deny the allegations in paragraph 105 of the Complaint.

106.    Defendants lack sufficient information to admit or deny the allegations in paragraph 106 of the Complaint, and therefore deny them.

107.    Defendants deny the allegations in paragraph 107 of the Complaint.

108.    Defendants admits that the word Chihuly was used as a metatag on the <www.artglassproduction.com> site, but was promptly removed upon notification of the Complaint.  Defendants deny the remaining allegations in paragraph 108 of the Complaint.

109.    Defendants admit that a cease and desist letter was included in Plaintiffs' supplemental initial disclosures served on Defendants' prior counsel on January 3, 2006, which is over two months after the Complaint was filed.  Defendants deny ever receiving the cease and desist letter before January 3, 2006.

110.    Defendants deny the allegations in paragraph 110 of the Complaint.

111.    Defendants admit that Behm Gallery sold Kaindl's glass artwork, but Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111 of the Complaint and therefore deny them.

112.    Defendants admit that Lakeshore sold Kaindl's glass artwork, but Defendants either deny or are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 112 of the Complaint and therefore deny them.

113.    Defendants admit that Trammell-Gagne sold Kaindl's glass artwork, and on information and belief that Haley Vermillion was an employee of Trammell-Gagne. Defendants either deny or are without knowledge or information sufficient to form a belief as

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................. 16

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1    to the truth of the remaining allegations in paragraph 113 of the Complaint and therefore deny

2    them.

3        114.    Defendants admit that UNIK! sold Kaindl's glass artwork, but Defendants

4    either deny or are without knowledge or information sufficient to form a belief as to the truth

5    of the remaining allegations in paragraph 114 of the Complaint and therefore deny them.

6        115.    In response to paragraph 115 of the Complaint, Defendants incorporate their

7    answers to paragraphs 1 through 114.

8        116.    Defendants deny the allegations in paragraph 116 of the Complaint.

9        117.    Defendants deny the allegations in paragraph 117 of the Complaint.

10       118.    Defendants deny the allegations in paragraph 118 of the Complaint.

11       119.    Defendants   admit   that   Defendant   Kaindl   owns   a   website   at

12   www.artglassproductions.com and some other websites.  Defendants deny the remaining

13   allegations in paragraph 119 of the Complaint.

14       120.    Defendants deny the allegations in paragraph 120 of the Complaint.

15       121.    Defendants deny the allegations in paragraph 121 of the Complaint.

16       122.    Defendants deny the allegations in paragraph 122 of the Complaint.

17       123.    Defendants deny the allegations in paragraph 123 of the Complaint.

18       124.    Defendants deny the allegations in paragraph 124 of the Complaint.

19       125.    Defendants deny the allegations in paragraph 125 of the Complaint.

20       126.    In response to paragraph 126 of the Complaint, Defendants incorporate their

21   answers to paragraphs 1 through 114.

22       127.    Defendants deny the allegations in paragraph 127 of the Complaint.

23       128.    Defendants deny the allegations in paragraph 128 of the Complaint.

24       129.    Defendants   deny   the   allegations   in   paragraph   129   of   the   Complaint.

25   Defendants further note that the Court has dismissed Plaintiffs' dilution claims.

26       130.    Defendants deny the allegations in paragraph 130 of the Complaint.

         131.    Defendants deny the allegations in paragraph 131 of the Complaint.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................ 17

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

1    132.    Defendants deny the allegations in paragraph 132 of the Complaint.

2    133.    Defendants deny the allegations in paragraph 133 of the Complaint.

3    134.    In response to paragraph 134 of the Complaint, Defendants incorporate their

4    answers to paragraphs 1 through 114.

5    135.    Defendants deny the allegations in paragraph 135 of the Complaint.

6    136.    Defendants deny the allegations in paragraph 136 of the Complaint.

7    137.    Defendants deny the allegations in paragraph 137 of the Complaint.

8    138.    Defendants deny the allegations in paragraph 138 of the Complaint.

9    139.    In response to paragraph 139 of the Complaint, Defendants incorporate their

10   answers to paragraphs 1 through 114.

11   140.    Defendants deny the allegations in paragraph 140 of the Complaint.

12   141.    Defendants deny the allegations in paragraph 141 of the Complaint.

13   142.    Defendants deny the allegations in paragraph 142 of the Complaint.

14   143.    In response to paragraph 143 of the Complaint, Defendants incorporate their

15   answers to paragraphs 1 through 114.

16   144.    Defendants either deny or lack sufficient information to admit or deny the

17   allegations in paragraph 144 of the Complaint, and therefore deny them.

18   145.    Defendants either deny or lack sufficient information to admit or deny the

19   allegations in paragraph 145 of the Complaint, and therefore deny them.

20   146.    Defendants deny the allegations in paragraph 146 of the Complaint.

21   147.    In response to paragraph 147 of the Complaint, Defendants incorporate their

22   answers to paragraphs 1 through 114.

23   148.    Defendants either deny or lack sufficient information to admit or deny the

24   allegations in paragraph 148 of the Complaint, and therefore deny them.

25   149.    Defendants deny the allegations in paragraph 149 of the Complaint.

26   150.    Defendants deny the allegations in paragraph 150 of the Complaint.

     151.    Defendants deny the allegations in paragraph 151 of the Complaint.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)..................18

SEED IP LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

152. Defendants deny the allegations in paragraph 152 of the Complaint.

153. In response to paragraph 153 of the Complaint, Defendants incorporate their answers to paragraphs 1 through 114.

154. Defendants deny the allegations in paragraph 154 of the Complaint.

155. Defendants deny the allegations in paragraph 155 of the Complaint.

156. Paragraph 156 of the Complaint does not appear to contain any factual allegations, but instead contains Plaintiffs' prayer for relief. Defendants deny that Plaintiffs are entitled to any relief and deny any factual allegations in paragraph 156 of the Complaint.

157. Paragraph 157 of the Complaint does not appear to contain any factual allegations, but instead contains Plaintiffs' prayer for relief. Defendants deny that Plaintiffs are entitled to any relief and deny any factual allegations in paragraph 157 of the Complaint.

158. Paragraph 158 of the Complaint does not appear to contain any factual allegations, but instead contains Plaintiffs' prayer for relief. Defendants deny that Plaintiffs are entitled to any relief and deny any factual allegations in paragraph 158 of the Complaint.

159. In response to paragraph 159 of the Complaint, Defendants incorporate their answers to paragraphs 1 through 114.

160. Paragraph 160 of the Complaint does not appear to contain any factual allegations, but instead contains Plaintiffs' prayer for relief. Defendants deny that Plaintiffs are entitled to any relief and deny any factual allegations in paragraph 160 of the Complaint.

161. Defendants admit that there is an actual and existing controversy between the parties. Defendants deny any remaining factual allegations in Paragraph 161 of the Complaint.

162. Defendants deny the allegations in paragraph 162 of the Complaint.

163. Defendants deny the allegations in paragraph 163 of the Complaint.

164. Paragraph 164 of the Complaint does not appear to contain any factual allegations, but instead contains Plaintiffs' prayer for relief. Defendants deny that Plaintiffs are entitled to any relief and deny any factual allegations in paragraph 164 of the Complaint.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD).................19

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

165.    Defendants admit that Defendants and non-parties are suffering immediate and on-going harm resulting from the disputes between the parties.  Defendants deny that Plaintiffs have suffered, are suffering, or will suffer any harm as a result of any of Defendants' past or ongoing activities.  Defendants deny that Plaintiffs are entitled to any relief and deny any remaining factual allegations in paragraph 165 of the Complaint.

166.    Answering Plaintiffs' prayer for relief, Defendants deny that Plaintiffs are entitled to any relief and deny the factual allegations contained within Plaintiffs' prayer for relief.  The remaining statements contained in Plaintiffs' prayer for relief are denied because they are legal contentions, to which no pleading response is required.

## AFFIRMATIVE DEFENSES

In further reply to Plaintiffs' claims, and as affirmative defenses thereto, Defendants allege as follows:

1.    Plaintiffs' claims are barred in whole or in part by:

    a.    The statute of limitations; or

    b.    Doctrines and principles of waiver, estoppel, unclean hands, inequitable conduct and laches.

2.    The Complaint fails to state a claim upon which relief may be based.

3.    Defendants do not infringe any of Plaintiffs' registered works.

4.    With regard to works created solely or jointly by Defendants and which Plaintiffs may accuse of infringement, Defendants independently created the accused works.

5.    With regard to works created solely or jointly by Defendant Rubino and which Plaintiffs may accuse of infringement, Defendant Rubino independently created the accused works.

6.    Plaintiffs' registered works and/or the portions thereof they allege to have been copied by Defendants are not protectable because they lack sufficient originality.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)..................20

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

7.     Plaintiffs' registered works and/or the portions thereof they allege to have been copied by Defendants are not protectable because they consist in whole or in substantial part of elements that are not original to Plaintiffs.

8.     Plaintiffs' registered works and/or the portions thereof they allege to have been copied by Defendants are not protectable because they consist of or embody, in whole or substantial part, ideas, processes, systems, methods of operation, concepts, principles, discoveries, functional elements and other elements barred from copyright protection under 17 U.S.C. § 102(b).

9.     Plaintiffs' registered works and/or the portions thereof they allege to have been copied by Defendants are not protectable because they consist in whole or in substantial part of public domain elements.

10.     This Court lacks subject matter jurisdiction to consider any claims by Plaintiffs based on rights arising from Plaintiffs' unregistered works.

11.     To the extent any protectable elements of Plaintiffs' registered works and/or the portions thereof they allege to have been copied by Defendants are original to Plaintiffs, Plaintiffs abandoned any rights thereto by dedicating the elements to the public.

12.     To the extent any of the accused works incorporate any original protectable elements that may exist in Plaintiffs' registered works and/or the portions thereof they allege to have been copied by Defendants, such incorporation is fair use.

13.     To the extent Plaintiffs allege any of Defendants' works infringe, the accused works lack a substantial similarity in appearance attributable to any protectable elements in Plaintiffs' registered works and/or the portions thereof they allege to have been copied by Defendants.

14.     To the extent Plaintiffs allege any of Defendants' works infringe, the accused works are not virtually identical to Plaintiffs' registered works and/or the portions thereof they allege to have been copied by Defendants.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................21

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

15.     To the extent registrations were obtained for works more than five years after publication, Plaintiffs' copyright registrations do not constitute prima facie evidence of the validity and ownership of the copyright.

16.     To the extent Plaintiffs allege any of Defendants' works infringe, there is no infringement because Defendant Rubino authored or co-authored many of the works identified in the Complaint, and Defendants are non-exclusive licensees of Rubino.

17.     Plaintiffs' registrations may be technically defective and therefore void and unenforceable.

18.     One or more of the copyrights alleged to exist in the Complaint are invalid for failing to disclose previous derivative works in the application and because such failure to disclose was intentional.

19.     One or more of the copyrights alleged to exist in the Complaint are invalid because Plaintiffs misrepresented to the U.S. Copyright Office that one of the Plaintiffs was the owner of original works of authorship and obtained copyright registrations based upon these misrepresentations, among others.

20.     Plaintiffs have knowingly misused their copyrights by attempting to secure exclusive rights or limited monopolies for genres and techniques through Copyright Laws where such rights are not granted by the Copyright laws.

21.     Plaintiffs' claims are brought in bad faith with knowledge that Defendants do not infringe any valid rights of Plaintiffs' in their works, marks and trade dress.

22.     Plaintiffs' claims are brought in bad faith with knowledge that Plaintiffs abandoned any rights in their alleged works and/or the protectable portions thereof they allege to have been copied by Defendants.

23 .     Plaintiffs' claims are brought in bad faith with knowledge that Defendants did not engage in a pattern of racketeering activity.

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

24.     Plaintiffs are barred from seeking damages and attorneys' fees because the alleged infringement, if any, commenced more than three months before Plaintiffs obtained a copyright registration.

25.     Plaintiffs are barred from seeking damages and attorneys' fees because the alleged infringement, if any, commenced before Plaintiffs obtained a copyright registration.

26.     Punitive damages are not available to Plaintiffs under the facts of the matter or applicable law.

27.     Any infringement by Defendants was innocent and not willful.

28.     Without admitting that Plaintiffs have sustained any injury or damages and without admitting any liability whatsoever, Defendants allege that the actions asserted against them in the Complaint were each privileged and justified and cannot form the basis for any claim or cause of action against Defendants.

29.     Without admitting that Plaintiffs have sustained any injury or damages and without admitting any liability whatsoever, Defendants allege that the damages sought by Plaintiffs in their Complaint and each separate claim for relief asserted therein against the Defendants is entirely speculative.  Therefore, Plaintiffs are not entitled to recover anything on their Complaint or any of its separate claims for relief.

30.     Defendants have not used the CHIHULY mark on or in connection with their works.

31.     Defendants have consistently used the KAINDL mark on and in connection with their works.

32.     There is no likelihood of confusion.

33.     Plaintiffs do not own the CHIHULY mark.

34.     The CHIHULY mark is not famous.

35.     There has been no actual dilution.

36.     Plaintiffs do not use the term CHANDELIERS as a "trade name" or mark.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)..................23

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

37.     CHANDELIERS is a generic term for a type of glass artwork, not entitled to protection as a mark.

38.     CHANDELIERS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

39.     Defendants do not use the term CHANDELIERS as a "trade name" or mark.

40.     Defendants' use of CHANDELIERS is a fair use.

41.     Plaintiffs do not use the term CYLINDERS as a "trade name" or mark.

42.     CYLINDERS is a generic term for a type of glass artwork, not entitled to protection as a mark.

43.     CYLINDERS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

44.     Defendants do not use the term CYLINDERS as a "trade name" or mark.

45.     Defendants' use of CYLINDERS is a fair use.

46.     Plaintiffs do not use the term SEAFORMS as a "trade name" or mark.

47.     SEAFORMS or SEA FORMS is a generic term for a type of glass artwork, not entitled to protection as a mark.

48.     SEAFORMS or SEA FORMS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

49.     Defendants do not use the term SEAFORMS or SEA FORMS as a "trade name" or mark.

50.     Defendants' use of SEAFORMS or SEA FORMS is a fair use.

51.     Plaintiffs do not use the term BASKETS as a "trade name" or mark.

52.     BASKETS is a generic term for a type of glass artwork, not entitled to protection as a mark.

53.     BASKETS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

54.     Defendants do not use the term BASKETS as a "trade name" or mark.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD).................24

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

55.     Defendants' use of BASKETS is a fair use.

56.     Plaintiffs do not use the term NAVAJO BLANKET CYLINDERS as a trade name or mark.

57.     NAVAJO BLANKET CYLINDERS is a generic term for a type of glass artwork, not entitled to protection as a mark.

58.     NAVAJO BLANKET CYLINDERS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

59.     Defendants do not use the term NAVAJO BLANKET CYLINDERS as a "trade name" or mark.

60.     Any use by Defendants of NAVAJO BLANKET CYLINDERS is a fair use.

61.     Plaintiffs do not use the term FLOATS as a "trade name" or mark.

62.     FLOATS is a generic term for a type of glass artwork, not entitled to protection as a mark.

63.     FLOATS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

64.     Defendants do not use the term FLOATS as a "trade name" or mark.

65.     Defendants' use of FLOATS is a fair use.

66.     Plaintiffs do not use the term VENETIAN as a "trade name" or mark.

67.     VENETIAN is a generic term for a type of glass artwork, not entitled to protection as a mark.

68.     VENETIAN is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

69.     Defendants do not use the term VENETIAN as a "trade name" or mark.

70.     Defendants' use of VENETIAN is a fair use.

71.     IKEBANA is a Japanese term defining flower arrangements using material of any kind, including glass.

72.     Plaintiffs do not use the term IKEBANA as a "trade name" or mark.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)..................25

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

73.    IKEBANA is a generic term for a type of glass artwork, not entitled to protection as a mark.

74.    IKEBANA is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

75.    Defendants do not use the term IKEBANA as a "trade name" or mark.

76.    Defendants' use of IKEBANA is a fair use.

77.    MACCHIA is an Italian word meaning spotted, stained, or marked.

78.    Plaintiffs do not use the term MACCHIA as a "trade name" or mark.

79.    MACCHIA is a generic term for a type of glass artwork, not entitled to protection as a mark.

80.    MACCHIA is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

81.    Defendants do not use the term MACCHIA as a "trade name" or mark.

82.    Defendants' use of MACCHIA is a fair use.

83.    Plaintiffs do not use the term PERSIANS as a "trade name" or mark.

84.    PERSIANS is a generic term for a type of glass artwork, not entitled to protection as a mark.

85.    PERSIANS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

86.    Defendants do not use the term PERSIANS as a "trade name" or mark.

87.    Defendants' use of PERSIANS is a fair use.

88.    Plaintiffs' alleged trade dress is not inherently distinctive as a matter of law.

89.    Plaintiffs' alleged trade dress is functional.

90.    Plaintiffs' alleged trade dress lacks secondary meaning.

91.    Plaintiffs' alleged trade dress is generic.

92.    Defendant Rubino did not breach any contract or other obligations to Plaintiffs.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD).................26

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

93.     Defendants did not wrongfully induce Defendant Rubino to breach any obligations or business expectancies to Plaintiffs.

94.     Some or all of Plaintiffs' non-copyright claims are pre-empted by the Copyright Laws of the United States.

95.     Some or all of Plaintiffs' claims are pre-empted by the Patent Laws of the United States.

96.     Plaintiffs have failed to allege facts that, if true, are sufficient to establish that Defendants engaged in a pattern of racketeering activity.

97.     Plaintiffs cannot establish Defendants had access to Plaintiffs' registered works and/or the portions thereof they allege to have been copied by Defendants.

98.     Plaintiffs have knowingly misused their copyrights by asserting and threatening to assert copyright infringement without regard to whether Defendants had access to Plaintiffs' alleged works and to whether Plaintiffs' alleged work contained any protectable elements.

99.     Defendants reserve the right to assert additional defenses and affirmative defenses.

## COUNTERCLAIMS

Defendants assert the following counterclaims against Portland Press, Chihuly, Inc. and Dale Chihuly.

### JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331 (Federal Question), 1338(a) (Copyrights and Trademarks), and 2201(a) (Declaratory Judgment) over the other claims set forth below by virtue of 28 U.S.C. § 1338(b) and pendent jurisdiction.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)..................27

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

2.       Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b).

## THE PARTIES

3.       Robert Kaindl (referred to as "Kaindl") is an individual residing in Redmond, King County, Washington.

4.       Art Glass Production is a sole proprietorship owned by Kaindl (collectively, Art Glass Production and Kaindl are referred to herein as "Defendants"), with a mailing address of P.O. Box 98, Kirkland, Washington 98083.

5.       Defendants are informed and believe, and on that basis aver, that Plaintiff Portland Press, Inc. (referred to herein as "PPI") is a Washington corporation with a mailing address of P.O. Box 70856, Seattle, Washington 98127-1305.

6.       Defendants are informed and believe, and on that basis aver, that Plaintiff Chihuly, Inc. (referred to herein as "CI") is a Washington corporation with a mailing address of 1111 NW 50th Street, Seattle, Washington 98107-5120.

7.       Defendants are informed and believe, and on that basis aver, that cross-defendant Dale Chihuly (referred to herein as "Chihuly") is an individual residing in Seattle, King County, Washington.

## PERTINENT FACTS

8.       Defendants are informed and believe, and on that basis aver, that Chihuly directed and controlled or had the ability and opportunity to direct and control the activities of Plaintiffs PPI and CI complained of herein.

9.       Defendants are informed and believe, and on that basis aver, that PPI and CI, and others acting at the direction of PPI and CI, have provided disparaging, false, and misleading information regarding Defendants to the media in order to damage the reputation, business and economic interests of Defendants.

10.      Defendants are informed and believe, and on that basis aver, that PPI and CI, and others acting at the direction of PPI and CI, have provided disparaging, false, and

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD).................28

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

misleading information regarding Defendants to Defendants' customers and others in order to damage the reputation, business and economic interests of Defendants.

11. Defendants are informed and believe, and on that basis aver, that PPI and CI, and others acting at the direction of PPI and CI, have contacted and provided disparaging, false, and misleading information regarding Defendants to those associated with Defendants in order to damage the reputation, business and economic interests of Defendants.

12. Defendants are informed and believe, and on that basis aver, that Plaintiffs told staff members and/or gallery owners at Lakeshore Gallery (referred to as "Lakeshore"), Kenneth Behm Galleries Ltd. (referred to as "Behm Gallery") and Trammell-Gagne, LLC (referred to as "Trammell-Gagne") to not remove Defendants' glass artwork from display.

13. Defendants are informed and believe, and on that basis aver, that Plaintiffs threatened staff members and/or gallery owners at Lakeshore, Behm Gallery and Trammell-Gagne, to cease sales of Defendants' glass artwork.

14. Defendants are informed and believe, and on that basis aver, that Plaintiffs advised staff members and/or gallery owners that Plaintiffs would arrange for Defendants' artworks to be seized.

15. These activities of PPI and CI induced Lakeshore to terminate an ongoing business relationship with Defendants.

16. These activities of PPI and CI induced the Behm Gallery to terminate an ongoing business relationship with Defendants.

17. These activities of PPI and CI induced Trammell-Gagne to terminate an ongoing business relationship with Defendants.

18. These activities of PPI and CI induced UNIK! LLC (referred to as "UNIK!") to terminate an ongoing business relationship with Defendants.

19. These activities of PPI and CI induced Costco Wholesale Corp. (referred to as "Costco") to terminate an ongoing business relationship with Defendants.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD).................29

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

20.     These activities of PPI and CI induced The Seattle Home Show (referred to as "Home Show") to terminate an ongoing business relationship with Defendants.

21.     These activities of PPI and CI have prevented Defendants from consummating an expected business relationship.

22.     Defendants are informed and believe, and on that basis aver, that Plaintiffs intercepted customers at Trammel-Gagne and told them that Defendants' glass artworks were "cheap knock-offs" of poor quality.

23.     Defendants are informed and believe, and on that basis aver, that Plaintiffs intercepted customers at Trammel-Gagne and told them that Defendants did not make the glass artwork carrying Defendants' name.

24.     Plaintiffs have falsely told others that Defendant Kaindl has had no formal training as a glassblower and no actual experience as a glassblower.

25.     Defendant Kaindl conceives of the concept for the glass artwork carrying Defendants' name.

26.     Defendant Kaindl materially participates in the manufacturing of glass artwork carrying Defendants' name.

27.     Defendants are informed and believe, and on that basis aver, that Chihuly does not participate in the design or manufacturing of a substantial number of glass artwork carrying the CHIHULY mark.

28.     Defendants are informed and believe, and on that basis aver, that Plaintiffs sometimes purchase glass sculptures from non-party artists, remove the mark of those artists from the work, and re-brand those sculptures under the CHIHULY mark.

29.     Defendants are informed and believe, and on that basis aver, that Chihuly is not the source of inspiration for a substantial number of glass artwork carrying the CHIHULY mark.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)..................30

SEED IP LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

30.    Defendants are informed and believe, and on that basis aver, that Chihuly does not conceive the concept for a substantial number of glass artwork carrying the CHIHULY mark.

31.    Defendants are informed and believe, and on that basis aver, that Chihuly does not sign his name on a substantial number of glass artwork carrying the CHIHULY mark.

32.    Defendants are informed and believe, and on that basis aver, that individuals other than Chihuly sign the Chihuly name on a substantial number of glass artwork carrying the CHIHULY mark.

33.    Defendants are informed and believe, and on that basis aver, that when Defendant Rubino was an independent contractor, Dale Chihuly would often ask Mr. Rubino to "come up with something" for Dale Chihuly to review and purchase for CI, so that CI could sell it.

34.    With regard to works created solely or jointly by Defendants and which Plaintiffs may accuse of infringement, Defendants independently created the accused works.

35.    Defendants are informed and believe, and on that basis aver, that for works created solely or jointly by Defendant Rubino and which Plaintiffs may accuse of infringement, Defendant Rubino independently created the accused works.

36.    Defendants are informed and believe, and on that basis aver, Defendant Rubino did not breach any contract or other obligations to Plaintiffs.

37.    Defendants did not wrongfully induce Defendant Rubino to breach any obligations or business expectancies to Plaintiffs.

38.    Plaintiffs knowingly misused their alleged copyrights by attempting to secure exclusive rights or limited monopolies for genres and techniques through Copyright Laws where such rights are not granted by the Copyright laws.

39.    Plaintiffs knowingly misused their alleged trademarks, "trade names" and trade dress rights by asserting against Defendants trademark and/or trade dress rights where such rights are not granted by the trademark laws.

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

40.    Defendant Rubino authored or co-authored many of the works identified in the Complaint, and Defendants are non-exclusive licensees of Rubino.

41.    Plaintiffs do not own the CHIHULY mark.

42.    The CHIHULY mark is not famous.

43.    There has been no actual dilution of the CHIHULY mark.

44.    Defendants have not used the CHIHULY mark on their works.

45.    Defendants prominently and consistently used the KAINDL mark on and in connection with their work.

46.    There is no likelihood of confusion.

47.    Consumers have been able to distinguish Defendants' glass artwork from Plaintiffs' glass artwork without apparent confusion.

48.    Plaintiffs' registered works consist in whole or in substantial part of public domain or standard elements.

49.    Plaintiffs' registered works consist in whole or in substantial part of functional elements.

50.    Plaintiffs' registered works consist in whole or in substantial part of elements that are not original to Plaintiffs.

51.    Lip wrap is a standard element in glass artwork.

52.    Lip wrap is a functional element in glass artwork because it adds strength to the outer portion(s) and/or edge(s) of the glass artwork.

53.    Lip wrap is a functional element in glass artwork because it adds a smooth surface to the outer portion(s) and/or edge(s) of the glass artwork.

54.    Glass artworks have included lip wraps for centuries.  Attached hereto as Exhibit A are photographs of examples of lip wraps from N. Hanson Moore, <u>Old Glass – European and American</u>, p. 17, 111-112, 226, Stokes (1924) (hereinafter "Moore").  Attached hereto as Exhibits B are photographs from Dorigato, et al., <u>Glass for the Table</u>, p. 15, 20-23, Arsenale Editrice srl (1999) (hereinafter "Dorigato").

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................32

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

55.     Extended lip wrap is a standard element in glass artwork.

56.     Extended lip wrap is a functional element in glass artwork because it adds strength to the body of the glass artwork.

57.     Glass artworks have included extended lip wraps for centuries.  See Exhibits A and B.

58.     A lip wrap having a color different than the color of the body of the artwork is a standard element in glass artwork.  *See* Exhibits A and B.

59.     Glass artworks have included lip wraps having a color different than the color of the body of the artwork for centuries.  *See* Exhibits A and B.

60.     Applying a gathering or bead of glass (e.g. a button or punty) to the bottom or base of glass artwork is a standard element in glass artwork.

61.     Applying a bead of glass (e.g. a button or punty) to the bottom or base of glass artwork is a functional element in glass artwork because it adds strength to the base of the glass artwork.

62.     Applying a bead of glass (e.g. a button or punty) to the bottom or base of glass artwork is a functional element in glass artwork because it protects the color of the glass artwork.

63.     Applying a bead of glass (e.g. a button or punty) to the bottom or base of glass artwork is a functional element in glass artwork because it prevents the base or bottom of the glass artwork from cracking.

64.     Glass artworks have included the application of a bead of glass (e.g. a button or punty) to the bottom or base of the glass artworks for centuries.

65.     Wrinkles are a standard element in glass artwork.

66.     Wrinkles are a natural consequence of control, spinning and gravity.

67.     Wrinkles are a functional element in glass artwork because they add strength to the body of the glass artwork.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)..................33

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

68.     Wrinkles are a functional element in glass artwork because they resemble organic and/or natural shapes associated with the subject(s) of the glass artwork.

69.     Glass artworks have included wrinkles for centuries.  Attached hereto as Exhibit C are photographs from pages 18, 24-25, 27 and 31 and the cover of Dorigato.  See also Exhibit A.

70.     Ripples are a standard element in glass artwork.

71.     Ripples are a natural consequence of control, spinning and gravity.

72.     Ripples are a functional element in glass artwork because they add strength to the body of the glass artwork.

73.     Ripples are a functional element in glass artwork because they resemble organic and/or natural shapes associated with the subject(s) of the glass artwork.

74.     Glass artworks have included ripples for centuries.  *See* Exhibit C.

75.     Fluting is a standard element in glass artwork.

76.     Fluting is a natural consequence of control, spinning and gravity.

77.     Fluting is a functional element in glass artwork because it adds strength to the body of the glass artwork.

78.     Fluting is a functional element in glass artwork because it resembles organic and/or natural shapes associated with the subject(s) of the glass artwork.

79.     Glass artworks have included fluting for centuries.

80.     Optic molds are a standard element in glass artwork.

81.     Optic molds are a functional element in glass artwork.

82.     Glass artworks have been produced using optic molds for centuries.

83.     Asymmetry is a standard element in a type of glass artwork.

84.     Asymmetry is a functional element in a type of glass artwork.

85.     Glass artworks have included asymmetries for centuries.  *See* Exhibits A and C.

86.     Encasing is a standard element in glass artwork

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................34

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

87.     Encasing is a functional element in glass artwork because it allows use of multiple colors.

88.     Encasing is a functional element in glass artwork because it protects colors.

89.     Encasing is a functional element in glass artwork because it adds strength to the glass artwork.

90.     Glass artworks have included encasings for centuries.

91.     Nested glass artwork, such as nested bowls, are a standard element in a type of glass artwork.

92.     Nested glass artwork are a functional element in a type of glass artwork.

93.     Glass artworks have included nested glass artworks for centuries.  *See* Exhibit E.

94.     The use of multiple colors is a standard element in glass artwork.

95.     The use of multiple colors is functional.

96.     Glass artworks have included multiple colors for centuries.  Attached hereto as Exhibit D are photographs from pages 90, 113, 136, and 140-141 of Moore.  Attached hereto as Exhibit E are photographs from page 40 of Dorigato.  See also Exhibits A, B and C.

97.     Attached hereto as Exhibit F are photographs from G. Mariacher, Italian Blown Glass From Ancient Rome to Venice, McGraw Hill (1961), of additional artworks illustrating the use of various standard elements and combinations all predating any artworks allegedly authored by Mr. Chihuly.  Attached hereto as Exhibit G are photographs from Tait, Five Thousand Years of Glass, rev. ed., Penn (1991), illustrating the use of standard elements and combinations that predate any artworks allegedly authored by Mr. Chihuly.

98.     Plaintiffs do not use the term CHANDELIERS as a "trade name" or mark.

99.     CHANDELIERS is a generic term for a type of glass artwork, not entitled to protection as a mark.

100.    CHANDELIERS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)...............35

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

101.    Defendants do not use the term CHANDELIERS as a "trade name" or mark.

102.    Plaintiffs do not use the term CYLINDERS as a trade name or mark.

103.    CYLINDERS is a generic term for a type of glass artwork, not entitled to protection as a mark.

104.    CYLINDERS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

105.    Defendants do not use the term CYLINDERS as a "trade name" or mark.

106.    Defendants' use of CYLINDERS is a fair use.

107.    Plaintiffs do not use the term SEAFORMS as a "trade name" or mark.

108.    SEAFORMS or SEA FORMS is a generic term for a type of glass artwork, not entitled to protection as a mark.

109.    SEAFORMS or SEA FORMS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

110.    Defendants do not use the term SEAFORMS or SEA FORMS as a "trade name" or mark.

111.    Defendants' use of SEAFORMS or SEA FORMS is a fair use.

112.    Plaintiffs do not use the term BASKETS as a "trade name" or mark.

113.    BASKETS is a generic term for a type of glass artwork, not entitled to protection as a mark.

114.    BASKETS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

115.    Defendants do not use the term BASKETS as a "trade name" or mark.

116.    Defendants' use of BASKETS is a fair use.

117.    Plaintiffs do not use the term NAVAJO BLANKET CYLINDERS as a "trade name" or mark.

118.    NAVAJO BLANKET CYLINDERS is a generic term for a type of glass artwork, not entitled to protection as a mark.

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

119.    NAVAJO BLANKET CYLINDERS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

120.    Defendants do not use the term NAVAJO BLANKET CYLINDERS as a "trade name" or mark.

121.    Any use by Defendants' of NAVAJO BLANKET CYLINDERS is a fair use.

122.    Plaintiffs do not use the term FLOATS as a "trade name" or mark.

123.    FLOATS is a generic term for a type of glass artwork, not entitled to protection as a mark.

124.    FLOATS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

125.    Defendants do not use the term FLOATS as a "trade name" or mark.

126.    Defendants' use of FLOATS is a fair use.

127.    Plaintiffs do not use the term VENETIAN as a "trade name" or mark.

128.    VENETIAN is a generic term for a type of glass artwork, not entitled to protection as a mark.

129.    VENETIAN is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

130.    Defendants do not use the term VENETIAN as a "trade name" or mark.

131.    Defendants' use of VENETIAN is a fair use.

132.    IKEBANA is a Japanese term defining flower arrangements using material of any kind, including glass.

133.    Plaintiffs do not use the term IKEBANA as a "trade name" or mark.

134.    IKEBANA is a generic term for a type of glass artwork, not entitled to protection as a mark.

135.    IKEBANA is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

136.    Defendants do not use the term IKEBANA as a "trade name" or mark.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................37

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

137.     Defendants' use of IKEBANA is a fair use.

138.     MACCHIA is an Italian word meaning spotted, stained or marked.

139.     Plaintiffs do not use the term MACCHIA as a "trade name" or mark.

140.     MACCHIA is a generic term for a type of glass artwork, not entitled to protection as a mark.

141.     MACCHIA is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

142.     Defendants do not use the term MACCHIA as a "trade name" or mark.

143.     Defendants' use of MACCHIA is a fair use.

144.     Plaintiffs do not use the term PERSIANS as a "trade name" or mark.

145.     PERSIANS is a generic term for a type of glass artwork, not entitled to protection as a mark.

146.     PERSIANS is at best a descriptive term, in which Plaintiffs have failed to establish secondary meaning.

147.     Defendants do not use PERSIANS as a "trade name" or mark.

148.     Defendants' use of PERSIANS is a fair use.

149.     To the extent any elements of Plaintiffs' registered works are original to Plaintiffs, Plaintiffs abandoned any rights thereto by dedicating the elements to the public by, for example, teaching them to students.

150.     Plaintiffs have knowingly misused their copyrights by asserting and threatening to assert copyright infringement without regard to whether Defendants had access to Plaintiffs' alleged works and to whether Plaintiffs' alleged work contained any protectable elements alleged to have been copied by the Defendants.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD).................38

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

# COUNT 1

## DECLARATORY JUDGMENT

151.    Defendants incorporate by this reference each of the averments contained in paragraphs 1 through 150, inclusive, as if fully set forth herein.

152.    An actual case or controversy exists between Defendants on the one hand and PPI, CI and Chihuly on the other hand regarding whether Defendants infringe Plaintiffs' alleged registered and unregistered works.

153.    Defendants, therefore, request a declaratory judgment that Defendants do not infringe Plaintiffs' alleged registered and unregistered works.

154.    An actual case or controversy exists between Defendants on the one hand and PPI, CI and Chihuly on the other hand regarding whether Plaintiffs' registered and unregistered works are entitled to any copyright protection.

155.    An actual case or controversy exists between Defendants on the one hand and PPI, CI and Chihuly on the other hand regarding the scope of any protection under the copyright laws that should be afforded to Plaintiffs' registered and unregistered works.

156.    Defendants, therefore, request a declaratory judgment that Plaintiffs' registered and unregistered works are not entitled to any copyright protection.

157.    An actual case or controversy exists between Defendants on the one hand and PPI, CI and Chihuly on the other hand regarding whether Defendants infringe Plaintiffs' CHIHULY mark.

158.    Defendants, therefore, request a declaratory judgment that Defendants do not infringe Plaintiffs' CHIHULY mark.

159.    An actual case or controversy exists between Defendants on the one hand and PPI, CI and Chihuly on the other hand regarding whether Defendants infringe Plaintiffs' alleged trade dress.

160.    Defendants, therefore, request a declaratory judgment that Defendants do not infringe Plaintiffs' alleged trade dress.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)...............39

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

161. An actual case or controversy exists between Defendants on the one hand and PPI, CI and Chihuly on the other hand regarding whether Plaintiffs have any rights in their alleged trade dress.

162. Defendants, therefore, request a declaratory judgment that Plaintiffs do not have any rights in their alleged trade dress.

163. An actual case or controversy exists between Defendants on the one hand and PPI, CI and Chihuly on the other hand regarding whether Defendants infringe any rights in Plaintiffs' alleged "trade names."

164. Defendants, therefore, request a declaratory judgment that Defendants do not infringe any rights in Plaintiffs' alleged "trade names."

## COUNT 2

### TORTIOUS INTERFERENCE WITH BUSINESS EXPECTATIONS

165. Defendants incorporate by this reference each of the averments contained in paragraphs 1 through 164 inclusive, as if fully set forth herein.

166. PPI, CI and Chihuly have knowledge that Defendants are a business entity with a growing business model.

167. PPI, CI and Chihuly have acted independently and in concert to contact Defendants' business associates and existing and potential customers, willfully with malicious intent and for the purpose of providing disparaging, false, and misleading information to irreparably harm the business and economic interests of Defendants, among others.

168. Defendants have been, and will continue to be, damaged by such actions in an amount to be proven at trial and in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law, entitling Defendants to preliminary and permanent injunctive relief.

## COUNT 3

### COPYRIGHT MISUSE

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD).................40

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

169.    Defendants incorporate by this reference each of the averments contained in paragraphs 1 through 168 inclusive, as if fully set forth herein.

170.    Plaintiffs have knowingly misused their copyrights by attempting to secure exclusive rights or limited monopolies for genres and techniques through Copyright Laws where such rights are not granted by the Copyright Laws.

171.    Defendants have been, and will continue to be, damaged by such actions in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law, entitling Defendants to preliminary and permanent injunctive relief.

### COUNT 4
### TRADEMARK MISUSE

172.    Defendants incorporate by this reference each of the averments contained in paragraphs 1 through 171 inclusive, as if fully set forth herein.

173.    Plaintiffs have knowingly misused their alleged trademark-related rights by asserting against Defendants trademark, trade name, and/or trade dress rights where such rights are not granted by the trademark laws.

174.    Defendants have been, and will continue to be, damaged by such actions in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law, entitling Defendants to preliminary and permanent injunctive relief.

### COUNT 5
### LANHAM ACT UNFAIR COMPETITION

175.    Defendants incorporate by this reference each of the averments contained in paragraphs 1 through 174 inclusive, as if fully set forth herein.

176.    Plaintiffs' disparagement of Defendants' reputation and assertions to Defendants' customers and associates that Defendant Kaindl has had no formal training as a glassblower and no actual experience as a glassblower, and that glass artwork carrying

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................41

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

Defendants' name was not conceived of or manufactured by Defendants, and other unfair activities, constitutes an unfair method of competition in business and an unfair trade practice in business in violation of the Lanham Act.

177.     Defendants have been, and will continue to be, damaged by such actions in an amount to be proven at trial and in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law, entitling Defendants to preliminary and permanent injunctive relief.

## COUNT 6
## CONSUMER PROTECTION ACT

178.     Defendants incorporate by this reference each of the averments contained in paragraphs 1 through 177 inclusive, as if fully set forth herein.

179.     Plaintiffs' disparagement of Defendants' reputation and assertions to Defendants' customers and associates that Defendant Kaindl has had no formal training as a glassblower and no actual experience as a glassblower, and that glass artwork carrying Defendants' name was not conceived of or manufactured by Defendants, and other unfair activities, constitutes an unfair method of competition in business and an unfair trade practice in business, as well as fraudulent representations, which is damaging to the public interest in violation of the Washington Consumer Protection Act, R.C.W. § 19.86.020.

180.     Defendants have been, and will continue to be, damaged by such actions in an amount to be proven at trial and in a manner and amount that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law, entitling Defendants to preliminary and permanent injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief and Judgment as follows:

1.     That Plaintiffs take nothing on their Complaint.

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................42

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

2. A declaration that Plaintiffs' registered and unregistered works lack sufficient originality to be entitled to Copyright protection.

3. A declaration that Defendants do not infringe Plaintiffs' registered works.

4. A declaration that Defendants do not infringe Plaintiffs' unregistered works.

5. A declaration that lip wraps are not a protectable element.

6. A declaration that extended lip wraps are not a protectable element.

7. A declaration that different colored lip wraps are not a protectable element.

8. A declaration that nested bowls are not a protectable element.

9. A declaration that encased glass is not a protectable element.

10. A declaration that the use of combinations of colors is not a protectable element.

11. A declaration that asymmetry is not a protectable element.

12. A declaration that wrinkles are not a protectable element.

13. A declaration that ripples are not a protectable element.

14. A declaration that applying glass (e.g., a punty) to an artwork is not a protectable element.

15. A declaration that fluting is not a protectable element.

16. A declaration that using optic molds is not a protectable element.

17. That Defendant be awarded costs of this action, including attorneys' fees, pursuant to 17 U.S.C. § 505.

18. A declaration that Defendants have not infringed any rights of Plaintiffs under the Lanham Act or the common law.

19. A declaration that Defendants have not engaged in any unfair business practices.

20. That Plaintiffs and their officers, agents, servants, employees, attorneys and all other persons in active concert or participation with any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from all acts of false

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

description and representation, false designation of origin, and all acts of unfair competition, including false representations regarding the level of skill of the Defendants, and the participating of the Defendant in the conception, design, and manufacture of the Defendants' works, and the non-participation of Counter-Defendant Dale Chihuly in the conception, design and manufacture of Plaintiffs' works and likely to cause confusion, mistake, or deception in the minds of the consuming public.

21.     That Plaintiffs be required to pay Defendants such damages as Defendants have sustained, or will sustain, in consequence of Plaintiffs' false description and representation, false designation of origin, and unfair competition, and to account for all gains, profits, and advantages derived by Plaintiffs that are attributable to such unlawful acts; and that such damages be trebled as provided by 15 U.S.C. § 1117 and R.C.W. § 19.86.090, or as otherwise permitted by law.

22.     An injunction prohibiting Plaintiffs, and those acting in concert with Plaintiffs, from filing any other action against Defendants based on alleged infringement of Plaintiffs' registered and unregistered works without first requesting and receiving permission from this Court to file the action; the injunction requiring Plaintiffs, and those acting in concert with Plaintiffs, to post a bond in an amount determined by the Court to be sufficient to cover Defendants' costs in responding to the request, including reasonable attorneys' fees, before requesting permission from the Court to file such an action and to provide the Court with a copy of the injunction together with any such request.

23.     An injunction prohibiting Plaintiffs, and those acting in concert with Plaintiffs, from filing any other action against Defendants based on alleged infringement of Plaintiffs' alleged trademarks, "trade names" and trade dress without first requesting and receiving permission from this Court to file the action; the injunction requiring Plaintiffs, and those acting in concert with Plaintiffs, to post a bond in an amount determined by the Court to be sufficient to cover Defendants' costs in responding to the request, including reasonable

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

attorneys' fees, before requesting permission from the Court to file such an action and to provide the Court with a copy of the injunction together with any such request.

24. That the Complaint and all claims against Defendants be dismissed with prejudice.

25. That this Court award Defendants their reasonably attorneys' fees and costs of suit herein.

26. That this Court grant prejudgment and post judgment interest to Defendants.

27. That this Court grant Defendants such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

DATED this 5th day of May, 2006.

Respectfully submitted,

SEED IP Law Group PLLC

_____/s/ Timothy L. Boller_____
William O. Ferron, Jr., WSBA # #11831
Timothy L. Boller, WSBA #29079
701 Fifth Avenue, Suite 6300
Seattle, Washington 98104
Telephone: (206) 622-4900

Attorneys for Defendants
ROBERT KAINDL and
ART GLASS PRODUCTION

774699_6.DOC

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD)................45

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2006 a copy of the foregoing ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL AND ART GLASS PRODUCTION was served on attorneys registered to receive service by email through the Western District of Washington Electronic Case Filing System and by hand-delivery to the following:

Holly Marie Simpkins
hsimpkins@perkinscoie.com
Susan E. Foster
sfoster@perkinscoie.com
William C. Rava
wrava@perkinscoie.com
PERKINS COIE
1201 Third Avenue, Suite 4800
Seattle, WA 98101

Scott Channing Wakefield
(swake@twlaw.com)
**TODD & WAKEFIELD**
1501 Fourth Avenue
1700 Century Square
Seattle, Washington 98101-3660

Kathleen T. Petrich
(kathleen.petrich@stokeslaw.com)
Bradford J. Axel
(bradford.axel@stokeslaw.com)
**STOKES LAWRENCE, P.S.**
800 Fifth Avenue, Suite 4000
Seattle, Washington 98104

_____/s/ Timothy L. Boller_____
Timothy L. Boller

ANSWER, AFFIRMATIVE DEFENSES AND
COUNTERCLAIMS OF DEFENDANTS ROBERT KAINDL
AND ART GLASS PRODUCTION (C05-1801-JPD).................46

SEED I P LAW GROUP PLLC
701 FIFTH AVENUE, SUITE 6300
SEATTLE, WASHINGTON 98104-7092
(206) 622-4900